UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK REBOLLEDO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| TERRY EDEN in his individual capacity, and | ) ) ) CASE NO.: 1:12-CV-910-SEB-MJD ) |
| THOMAS KOPPEL in his individual capacity, | ) ) ) ) |
| Defendants. | ) |

## **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**

This cause is before the Court on the Motion to Strike Portions of the Affidavit Testimony of Shelly Korous [Docket No. 47] filed on August 3, 2013 by Defendants Terry Eden and Thomas Koppel. For the reasons detailed below, we **GRANT IN PART** and **DENY IN PART** the motion to strike.

Defendants ask the Court to strike paragraphs and 11 and 29 of Ms. Korous's affidavit, in which she testifies:

11. The medical professional that I met with released me from detention immediately after the meeting. He indicated that I did not present a danger to myself or others and indicated that someone would call a cab so that I could return home.

. . .

29. While inside the residence, I observed Lt. Eden in Jack's face pointing his finger at him. Officer Cooper observed this and indicated that the two needed separate [sic] and step back from one another.

1

(Korous Aff., Dkt. 44-4.) The Defendants seek to strike both paragraphs as inadmissible hearsay under Federal Rule of Evidence 802 and preclude the Court from considering that testimony in response to their Motion for Summary Judgment (Dkt. 40). (Dkt. 47 at ¶ 6.)

## I. Paragraph 11

"Hearsay" refers to a statement not made during the current proceeding—for our purposes, a statement made outside Ms. Korous's affidavit—and offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). The first sentence of paragraph 11, in which Ms. Korous testifies that the medical professional with whom she met released her from the hospital immediately after their meeting, is not hearsay. In that sentence, Ms. Korous describes an action—her discharge from the hospital. The medical professional's action does not constitute a statement and therefore cannot be barred as hearsay. Accordingly, we decline to strike the first sentence of paragraph 11 and that portion of Defendants' motion is **DENIED**.

We next address the second sentence of paragraph 11 in which Ms. Korous states that she was told by a medical professional that she was not a danger to herself and that a taxi would be called to take her home. Plaintiff argues that this statement falls within an exception to the hearsay rule as a statement made to a medical professional for the purpose of receiving a diagnosis or treatment. *See* Fed. R. Evid. 803(4). However, this exception applies only to statements made *to* a physician *by* a patient, given the patient's strong motivation to be truthful in such circumstances. *See Martin v. Nicklow*, 499 Fed. App'x 569, 573 (7th Cir. 2013) ("[Rule 803(4)] applies only to statements made by the patient.") (citations omitted). Statements, like the one here, made by a medical professional do not fall within this exception to the hearsay rule. Accordingly, if used to prove the truth of the matter, to wit, that Ms. Korous did not present a danger to herself or others on December 4, 2010, the second sentence of paragraph 11 would be

inadmissible hearsay. Therefore, we **GRANT** Defendants' motion to the extent they ask us to deem the second sentence of paragraph 11 inadmissible where offered as proof that Ms. Korous did not present a danger to herself or others on December 4, 2010.[1]

## II. Paragraph 29

The first sentence of paragraph 29 is not hearsay because, again, Ms. Korous's testimony describes an action—Lt. Eden standing near Rebelledo and pointing his finger—not a statement subject to the rule against hearsay. The same is true of the first clause of the second sentence of paragraph 29 in which Ms. Korous testifies that she witnessed Officer Cooper observing Lt. Eden and Rebelledo. This is also not a statement and thus not subject to the hearsay rule.

The second clause of the second sentence of paragraph 29 in which Ms. Korous states that Officer Cooper told Lt. Eden and Rebelledo that they needed to separate falls within an exception to the rule against hearsay for excited utterances and is thus admissible. Officer Cooper's directive to Lt. Eden and Rebelledo to separate concerned a startling event (her two colleagues engaged in a heated argument) and appears to have been made while she was under the stress of that startling event. *See* Fed. R. Evid. 803(2). Therefore, we **DENY** Defendants' motion to the extent it would strike paragraph 29.

This ruling applies only to Defendants' Motion for Summary Judgment. We take no position on the admissibility of any of Ms. Korous's testimony for any other purpose.

IT IS SO ORDERED.

Date: 03/31/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] The second sentence of paragraph 11 likewise would be inadmissible hearsay if offered to prove that someone had arranged to call a taxicab for Ms. Korous on December 4. However, neither party appears to be disputing this fact on summary judgment.

3

Distribution:

Scott Leroy Barnhart
KEFFER BARNHART LLP
barnhart.scott@gmail.com

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Griffith
Office of Corporation Counsel
agriffith@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com